J-S03027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN MICHAEL HICKOX | : | |
| | : | |
| Appellant | : | No. 945 WDA 2020 |

Appeal from the PCRA Order Entered August 28, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000293-2015

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:               **FILED:  April 22, 2021**

Justin Michael Hickox (Appellant) appeals *pro se* from the order dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate and remand.

On July 20, 2010, Appellant was charged with nine counts of indecent assault and one count of corruption of minors.[1]  On March 2, 2011, Appellant entered a guilty plea to four counts of indecent assault, and the trial court sentenced Appellant on June 28, 2012.  N.T., 11/20/18, at 2.  Appellant filed a direct appeal challenging the voluntariness of his guilty plea; after determining that Appellant's presentence assertion of innocence was a "fair

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(7) and 6301(a)(1).

and just" reason to grant his guilty plea withdrawal, this Court vacated Appellant's judgment of sentence and remanded to the trial court. ***Commonwealth v. Hickox***, 1357 MDA 2012 (Pa. Super. Nov. 20, 2013) (unpublished memorandum). Following remand, on June 2, 2014, Appellant entered a guilty plea to the nine counts of indecent assault and one count of corruption of minors. Appellant was sentenced on the same day to payment of court costs, time served and an aggregate 15 years of probation.

On December 30, 2014, Appellant was charged with three counts of failure to comply with Pennsylvania's Sex Offender Registration and Notification Act (SORNA).[2] On June 4, 2015, Appellant pled guilty to one count each of failure to verify address/take photograph and bad checks.[3] The trial court sentenced Appellant to three to six years of incarceration on June 29, 2015. Appellant did not file a direct appeal.

On August 28, 2015, Appellant filed his first, timely *pro se* PCRA petition, and the PCRA court appointed counsel. However, Appellant subsequently withdrew his petition on October 28, 2015. On March 28, 2016, Appellant filed a second, timely *pro se* PCRA petition. The PCRA court again appointed counsel, who filed a motion to withdraw Appellant's petition on May 3, 2016; the PCRA court granted the motion on May 6, 2016.

---

[2] 42 Pa.C.S.A. §§ 9799.10-9799.41.

[3] 18 Pa.C.S.A. § 4915.1(a)(2).

On June 7, 2018, Appellant filed an untimely *pro se* PCRA petition, his third.  Counsel was appointed and filed an amended PCRA petition on August 6, 2018.  In his petition, Appellant sought relief from the requirement that he register as a sex offender under SORNA.  **See** Amended PCRA Petition, 8/6/18, ¶6-14.  Appellant argued that because he committed his offenses in 2008, prior to the effective date of SORNA, his SORNA registration requirement was an *ex post facto* violation of the United States and Pennsylvania Constitutions pursuant to our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017); **see also** Amended PCRA Petition, 8/6/18, ¶6-14.  In **Muniz**, the Supreme Court held the registration and reporting requirements of SORNA constitute criminal punishment, and their retroactive application violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions.  **Id.** at 1223.  Appellant asserted that because he was never constitutionally subject to registration under SORNA, he "could not be prosecuted for failure to comply with registration under Section 4915.2." Amended PCRA Petition, 8/6/18, ¶7.

The PCRA court held a hearing on Appellant's petition on November 20, 2018.  On December 21, 2018, the court issued an order and opinion dismissing Appellant's petition as untimely.  In its opinion, the PCRA court reasoned that Appellant could not rely on the decision in **Muniz** to satisfy the PCRA timeliness exception based on a newly-recognized constitutional right, as he failed to demonstrate that **Muniz** applies retroactively on collateral review.  PCRA Court Opinion, 12/21/18, at 5-6.  Moreover, even if **Muniz** did

apply retroactively, Appellant failed to file his petition within 60 days of the decision recognizing a new constitutional right.[4] *Id.* at 6. Appellant did not appeal.

On July 23, 2020, Appellant filed the instant untimely *pro se* petition, his fourth, raising the same *Muniz* challenge asserted in his third PCRA petition, and averring that PCRA counsel was ineffective for failing to appeal the dismissal of Appellant's third petition. The PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant did not file a response to the Rule 907 notice, and on August 28, 2020, the PCRA court dismissed Appellant's petition without an evidentiary hearing. Appellant timely appealed. Both the PCRA court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents two issues for our review:

1. Did the trial court err in dismissing the PCRA petition when the Petitioner raised the fact that he is currently serving an illegal sentence?

2. Did the trial court err as a matter of law when the Petitioner was clearly abandoned by trial counsel on direct appeal?

Appellant's Brief at 7.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its

---

[4] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, to expand the time from 60 days to one year from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been

presented." 42 Pa.C.S.A. § 9545(b)(2).[5] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" *Monaco*, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). Appellant filed his petition on July 23, 2020, more than five years after his judgment of sentence became final. Thus, the PCRA court treated it as a facially untimely PCRA petition.

In *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), the Pennsylvania Supreme Court discussed the correct way to challenge sex offender registration status and concluded there was no one mechanism. *Lacombe*, 234 A.3d at 617. The Court noted that frequent changes to the relevant statutes, along with complicated requirements and retroactive applications, made it difficult to establish a single means to challenge

---

[5] As noted above, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. This change does not impact our analysis.

requirements imposed years after a judgment of sentence becomes final. *Id.* at 617-18. The Court stated, "we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider Lacombe's 'Petition to Terminate His Sexual Offender Registration Requirements.'" *Id.* at 618.

This Court, sitting *en banc*, recently interpreted **Lacombe**, and held "to the extent prior decisions of this Court . . . concluded that petitioners are required to challenge their sex offender registration requirements in a timely PCRA petition, that pronouncement is overruled." **Commonwealth v. Moose**, --- A.3d ---, 2021 WL 19030, at *6 n.6 (Pa. Super. Jan. 4, 2021) (*en banc*). We stated:

> [T]he **Lacombe** Court emphasized that petitioners may challenge the application of a sexual offender registration statute outside the framework of the PCRA. **Lacombe**, 234 A.3d at 617. Specifically, the Court explained:
>
>> This Court has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism. Indeed, we have consistently decided cases regarding sexual offender registration statutes that were challenged via different types of filings. **See Muniz**, [164 A.3d at 1208] (successful challenge to constitutionality of SORNA via direct appeal), **Commonwealth v. Martinez**, [637 Pa. 208] 147 A.3d 517, 523 (Pa. 2016) (successful challenge to increase of registration term through "Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus" where PCRA petition would have been untimely), **A.S. v. Pa. State Police**, [636 Pa. 403] 143 A.3d 896, 903 n.7 (Pa. 2016) (successful challenge to registration term through

mandamus action against PSP), [**Commonwealth v. Williams**, [574 Pa. 487] 832 A.2d 962, 972 (Pa. 2003) (**Williams II**) (unsuccessful challenge to constitutionality of Megan's Law II through "Motion for Extraordinary Relief" and "Motion for Relief"). Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final.

This is especially so under the PCRA as many registrants . . . would be ineligible for relief on timeliness grounds. **See** 42 Pa.C.S. § 9545(b)(1) (PCRA petition must be filed within one year of judgment of sentence becoming final unless exception applies). Other registrants may be ineligible because their sentence has expired while their registration requirements continue. **See** 42 Pa.C.S. § 9543(a)(1) (PCRA petitioner must be serving sentence to be eligible for relief). Both situations arise from the fact that the registration period does not begin until registrants are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence. Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider Lacombe's "Petition to Terminate His Sexual Offender Registration Requirements."

**Id.** at 617-18. (some formatting altered).

Here, Appellant filed a motion challenging his obligation to register as a sex offender based on his negotiated plea agreement. In light of our Supreme Court's decision in **Lacombe**, we conclude that Appellant was not required to challenge his registration requirements under the PCRA. **See id.** Therefore, the trial court properly exercised jurisdiction over Appellant's motion.

- 8 -

*Id.; see also Commonwealth v. Smith*, 240 A.3d 654 (Pa. Super. 2020) (holding that trial court erred in treating a pleading seeking removal from SORNA registry requirements as an untimely PCRA petition).

Instantly, the PCRA court mistakenly dismissed Appellant's petition challenging his SORNA registration requirements as untimely. Consistent with *Lacombe* and *Smith*, the proper remedy is remand for an evidentiary hearing. *See Commonwealth v. Mickley*, 240 A.3d 957 (Pa. Super. 2020). In *Mickley*, this Court observed that the defendant's constitutional challenges to revised subchapter H of SORNA were identical to arguments raised by the Commonwealth in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). The *Torsilieri* court did not reach the merits of any of the constitutional claims, determining instead that the factual record was not sufficiently developed in the trial court. *Torsilieri* concluded that a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." *Id.* at 587. Based on *Torsilieri*, *Mickley* held:

> Here, despite defense counsel's attempt, no evidence was presented at the hearing on Mickley's post-sentence motion. Thus, in accordance with *Torsilieri*, we vacate the order denying Mickley's post-sentence motion and remand for a hearing at which the parties can present evidence for and against the relevant legislation determinations discussed above.

*Id.*, 240 A.3d at 963; *see also Commonwealth v. Asher*, ––– A.3d ––––, 2020 WL 7487519, *4 (Pa. Super. Dec. 21, 2020) (citing *Torsilieri* and

*Mickley*) (where defendant preserved his constitutional challenges to SORNA at sentencing and in post-sentence motions, but trial court denied relief without developing any factual record, remand was proper for hearing at which parties could present evidence for and against relevant legislative determinations).

The same remedy is appropriate here. The SORNA issue raised by Appellant in his PCRA petition mirrors those raised in *Torsilieri*, *Mickley* and *Asher*, and the proper disposition under these circumstances is remand for a hearing at which the parties can present evidence relating to Appellant's SORNA argument.

In his second issue, Appellant argues that PCRA counsel appointed to represent Appellant in his third petition was ineffective for failing to file an appeal from the order dismissing the petition. This issue is waived.

Our Supreme Court has held that to preserve claims for appellate review, a PCRA petitioner must comply when a PCRA court orders the petitioner to file a Rule 1925(b) statement. *Commonwealth v. Butler*, 812 A.2d 631, 633–34 (Pa. 2002). Any issues not raised in a timely Rule 1925(b) statement will be deemed waived. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). The Supreme Court has instructed that compliance with Rule 1925(b) is mandatory and we do not have discretion to permit departures from the rule's requirements. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

The PCRA court ordered Appellant to file a Rule 1925(b) statement within 21 days of September 15, 2020. Appellant complied, but raised only one issue: whether the PCRA court "erred in dismissing the PCRA when [Appellant] showed he was entitled to relief under *Muniz* . . . ." Pa.R.A.P. 1925(b) Statement, 9/25/20, at ¶1. Because Appellant's claim of ineffective assistance of counsel was not preserved in the 1925(b) statement, it is waived.

Consistent with the foregoing, and because the PCRA court in this case did not address the merits of Appellant's SORNA claim, we vacate the order dismissing Appellant's petition as untimely and remand for the PCRA court to address the merits.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge Dubow joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2021

- 11 -